# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# NORTHERN DIVISION

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| North Alabama Science Center, Inc., | ) | CASE NO.: 14-83200-JAC-11 |
| d/b/a Sci-Quest Hands-On Science Center | ) | |
| EIN: xx-xxx2874 | ) | |
| | ) | |
| Debtor. | ) | CHAPTER 11 |
| | ) | |

## MOTION TO ASSUME AND CURE UNEXPIRED LEASE
## OF NON-RESIDENTIAL REAL PROPERTY

COMES NOW North Alabama Science Center, Inc., as Chapter 11 Debtor-in-possession ("Debtor"), pursuant to Section 365 of Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code") and Rule 6006 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and respectfully represents:

### Background

1. On November 20, 2014 (the "Commencement Date"), the Debtor commenced with this Court a voluntary case under Chapter 11 of the Bankruptcy Code. The Debtor continues to be authorized to operate the business as Debtor-in-possession pursuant to Sections 1107(a) and 1108 of the Bankruptcy Code.

### Jurisdiction

2. This Court has subject matter jurisdiction to consider and determine this motion pursuant to 28 U.S.C. § 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

### The Unexpired Lease

3. The Debtor is a non-profit children's science center in Madison County, Alabama. The Debtor's activities include an Early Childhood Program reaching kids from 2 – 5 years of age (Sprouting Scientists), a Robotics Program for middle school students and high school programs reaching through 12th grade students, which include computer programming, modeling and simulation. The Debtor has also initiated Career Quest and Expanding Your Horizons Programs, and Outreach programs to reach a 23-county area throughout North Alabama and South Central Tennessee.

4. In connection with the conduct of its non-profit business, the Debtor leases its business premises, located at 1435 Paramount Drive, Huntsville, Alabama 35806, from Disraeli, LLC. A true copy of the lease is attached hereto and incorporated herein as Exhibit "A."

5. The Debtor is three (3) months behind on its lease payments (September, October and November) but is prepared to tender its December payment on or about December 1, 2014, and to make all future lease payments in a similar timely manner.

6. In addition, the Debtor is prepared to provide "Cure Amounts" in the form of an *additional* one-half of a monthly payment, beginning on or about January 1, 2015, and continuing each month until it will have paid six (6) of such cure payments and thus completed the Cure Amounts.

7. Through its attorney, Chad Ayers, Esq. of Wilmer & Lee, P.A., the landlord has indicated its willingness to accept the arrangement for assumption and cure of the lease outlined in this motion.

### The Debtor's Decision to Assume the Lease

8. Section 365(d)(4) of the Bankruptcy Code provides debtors with an initial 120-day period to assume or reject unexpired leases of nonresidential real property. Given the importance to the Debtor's business operations of the Debtor maintaining its current location, the Debtor is filing this motion with its petition and schedules, and so the timing of this motion is not an issue.

9. The Debtor has expended substantial effort to review the unexpired lease to determine whether it should be assumed or rejected. Among other things, this process has involved: (a) reviewing the terms of the lease; (b) assessing the market value of the lease; (c) evaluating the potential economic impact of assumption or rejection; and (f) evaluating the lease in the context of the ongoing development of the Debtor's overall business plan.

10. Through these efforts the Debtor has determined, in its business judgment and to the best of its ability, that it should assume the unexpired lease with Disraeli, LLC. The premises subject to the lease currently are necessary to the Debtor's business operations and, based on the available information at this stage of the restructuring process, are essential to the Debtor's future business operations and restructuring efforts. Moreover, the Debtor submits that the payment of the Cure Amounts will fully satisfy the Debtor's obligations to cure outstanding defaults under the lease, pursuant to Section 365(b) of the Bankruptcy Code, and should be approved.

### Applicable Law

11. Section 365(a) of the Bankruptcy Code provides that a debtor, "subject to the court's approval, may assume or reject any executory contract or unexpired lease." 9 11 U.S.C. § 365(a). Courts routinely approve motions to assume or reject executor contracts or unexpired leases upon a showing that the debtor's decision to take such action will benefit the debtor's estate and is an exercise of sound business judgment. *See Crystalin, L.L.C. v. Selma Prop., Inc.* (*In re Crystalin, L.L.C.*), 293 B.R. 455, 463-64 (B.A.P. 8th Cir. 2003) (citing *Orion Pictures Corp. v. Showtime Networks, Inc.* (*In re Orion Pictures Corp.*), 4 F.3d 1095, 1099 (2d Cir. 1993) (stating that section 365 of the Bankruptcy Code "permits the trustee or debtor-in-possession, subject to the approval of the bankruptcy court, to go through the inventory of executory contracts of the debtor and decide which ones it would be beneficial to adhere to and which ones

it would be beneficial to reject"); see also *NLRB v. Bildisco & Bildisco,* 465 U.S. 513, 523 (1984) (stating that the traditional standard applied by courts under section 365 is that of "business judgment"); *In re Gucci,* 193 B.R. 411, 415 (S.D.N.Y. 1996) ("A bankruptcy court reviewing a trustee's decision to assume or reject an executory contract should apply its 'business judgment' to determine if it would be beneficial or burdensome to the estate to assume it.").

12. Courts generally will not second-guess a debtor's business judgment concerning the assumption, assumption and assignment, or rejection of an executor contract or unexpired lease. *See In re Audra-John Corp.,* 140 B.R. at 756 ("[T]he [business judgment] test embodies considerable deference to the proponent of the rejection, so long as it can articulate sound business reasons for repudiating the contract") (internal citations omitted); accord *In re Riodizio, Inc.,* 204 B.R. 417, 424 (Bankr. S.D.N.Y. 1997) ("[A] court will ordinarily defer to the business judgment of the debtor's management"); *Phar-Mor, Inc. v. Strouss Bldg. Assocs.,* 204 B.R. 948, 951–52 (Bankr. N.D. Ohio 1997) ("Whether an executory contract is 'favorable' or 'unfavorable' is left to the sound business judgment of the debtor . . . . Courts should generally defer to a debtor's decision whether to reject an executory contract.").

13. Pursuant to Bankruptcy Rule 2002, the Debtor proposes to serve a copy of this Motion upon the landlord (Disraeli, LLC), the Debtor's twenty (20) largest unsecured creditors and Richard M. Blythe, Office of the Bankruptcy Administrator.

## **Relief Requested**

WHEREFORE, premises considered, the Debtor prays that this Court will enter an Order:

(a) Approving the Debtor's assumption of the lease of its business premises with Disraeli, LLC; and

(b) Authorizing the Debtor to tender the Cure Amounts to the landlord over a six-month period as stated in this motion; and

(c) Granting the Debtor such further relief as the Court deems just and proper.

Respectfully submitted, this 21st day of November, 2014.

> */s/ Tazewell T. Shepard*
> Tazewell T. Shepard
> Kevin M. Morris
> Tazewell T. Shepard, IV
> *Attorneys for Debtor-in-possession*
>
> **SPARKMAN, SHEPARD & MORRIS, P.C.**
> P. O. Box 19045
> Huntsville, AL 35804
> Tel: 256/512-9924
> Fax: 256/512-9837

## CERTIFICATE OF SERVICE

       This is to certify that I have this day served the foregoing document upon Chad Ayers, Esq., Wilmer & Lee, P.A., P.O. Box 2168, Huntsville, Alabama 35804, the Debtor's twenty (20) largest unsecured creditors and Richard M. Blythe, Office of the Bankruptcy Administrator, P.O. Box 3045, Decatur, AL 35602 by electronic service through the Court's CM/ECF system and/or by placing a copy of same in the United States Mail, postage pre-paid.

       Done this 21st day of November, 2014.

                                        */s/ Tazewell T. Shepard*
                                        Tazewell T. Shepard